UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIE EDMONDSON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 3:22-cv-00513 |
| NISSAN NORTH AMERICA, INC., | ) | |
| Defendant. | ) | |
| WILLIE EDMONDSON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| ONSITE SOUTH, LLC, | ) | |
| Defendant. | ) | |
| ONSITE FLEET, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court are OnSite Fleet, LLC's ("OnSite") and Nissan North America, Inc.'s ("Nissan") cross-motions for summary judgment on Nissan's declaratory judgment claim (Doc. Nos. 113, 121). The Court previously reserved ruling on these motions pending further briefing from the parties as to whether the Court should exercise its jurisdiction over the claim. (Doc. No.

166). OnSite and Nissan have now filed their respective supplemental briefs addressing that issue. (Doc. Nos. 168, 170).

Considering those briefs (Doc. Nos. 168, 170), as well as OnSite's and Nissan's motions (Doc. Nos. 113, 121) and supporting papers, the Court will rule as follows: OnSite's motion (Doc. No. 121) will be granted as to Nissan's declaratory judgment claim, and Nissan's motion (Doc. No. 113) will be denied as to its declaratory judgment claim. Given the parties' various motions for summary judgment are now fully resolved, the Court will deny the parties' pending motions relating to their summary judgment motions (Doc. No. 128; Case No. 3:23-cv-01071, Doc. Nos. 27, 28, 29, 31) as moot.

## I. LEGAL STANDARD[1]

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Peffer v. Stephens, 880 F.3d 256, 262 (6th Cir. 2018) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003) (internal citation omitted). "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." Id. (internal citation and quotation marks omitted). "In response, the

---

[1] The Court has already described the background facts pertaining to the instant motions at length in its Memorandum Opinion on the parties' summary judgment motions. (Doc. No. 165). The Court will not restate them here.

nonmoving party must present 'significant probative evidence' that will reveal that there is more than 'some metaphysical doubt as to the material facts.'" Miller v. Maddox, 866 F.3d 386, 389 (6th Cir. 2017) (quoting Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993)).

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted). "And where, as here, the parties filed cross-motions for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" McKay v. Federspiel, 823 F.3d 862, 866 (6th Cir. 2016) (quoting Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991)). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson, 477 U.S. at 249. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient to survive summary judgment; rather, there must be evidence on which a trier of fact could reasonably find for the non-moving party. Rodgers, 344 F.3d at 595.

## II. ANALYSIS

Nissan's and OnSite's cross-motions for summary judgment on Nissan's declaratory judgment claim are the only remaining summary judgment motions before the Court. (See Doc. Nos. 113, 121, 165). Nissan seeks a declaration that OnSite has a duty to defend it against Plaintiffs' claims under Section 13 of the Professional Services Agreement ("PSA") because their claims arise from OnSite hiring Willie Edmondson ("Edmondson"), Thomas Battle ("Battle"), and Antwan McGlory ("McGlory"), despite their felony convictions. (See Doc. No. 143-1 at 5, 17; Doc. No. 165 at 44; Case No. 3:23-cv-01071, Doc. No. 10 ¶¶ 37–40). The Memorandum Opinion

further describes Nissan's declaratory judgment claim, the parties' respective motions on the claim, and the legal standard governing it. (See Doc. No. 165 at 43–45). Accordingly, the Court will not repeat itself here, and will instead focus only on the dispositive issue at hand—whether it will, in its discretion, exercise its jurisdiction over Nissan's declaratory judgment claim.

As discussed in the Memorandum Opinion (Doc. No. 165 at 45), the Sixth Circuit has emphasized five factors to focus on in determining whether to exercise jurisdiction over claims brought under the Declaratory Judgment Act:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata";
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

Grand Trunk W. R.R. Co. v. Consol. Rail Co., 746 F.2d 323, 326 (6th Cir. 1984). OnSite asserts Nissan's declaratory judgment claim is not appropriate and that the Court should not exercise its jurisdiction over it, given the first, second, and fifth factors counsel against exercising jurisdiction. (Doc. No. 168 at 2–4). Nissan contends that the Court should exercise its discretion over Nissan's declaratory judgment claim because the first, second, third and fifth factors weigh in favor of exercising jurisdiction, and the fourth factor is in favor of or neutral as to exercising jurisdiction. (Doc. No. 170 at 3–6). Upon balancing the five Grand Trunk factors, the Court agrees with OnSite and finds the circumstances warrant the Court declining to exercise its jurisdiction.

1. Settlement of the Controversy

In evaluating the first Grand Trunk factor, whether the declaratory action would resolve the dispute between the parties, courts consider whether it is an "independent dispute" such that its resolution would settle the controversy between the parties. Grand Trunk, 746 F.2d at 326. The

parties disagree as to whether this factor counsels for or against the Court exercising its jurisdiction over Nissan's claim. OnSite contends this factor weighs against the Court exercising jurisdiction, given various claims would remain between it, Nissan, and Plaintiffs even after a declaratory ruling issued. (Doc. No. 168 at 2). Onsite further asserts that the Court issuing a declaratory ruling that it has a duty to defend Nissan against Plaintiffs' claims would implicate disputes of material fact that this Court has already found are best resolved by a jury. (Doc. No. 168 at 2; see Doc. No. 165). Nissan counters that this factor weighs in favor of exercising jurisdiction, as there is no state court action pending to consider, and a declaratory judgment in its favor would "resolve the controversy between the parties."[2] (Doc. No. 170 at 4).

The Court agrees with OnSite. Nissan's declaratory judgment action is not an "independent dispute" such that its resolution will resolve the controversy between Nissan and OnSite. See Grand Trunk, 746 F.2d at 326. Nissan's declaratory judgment claim is rooted in Nissan's contention that OnSite breached the PSA by hiring Edmondson, Battle, and McGlory, leading to Plaintiffs' suit against Nissan. (Doc. No. 114 at 29). Its claim therefore arises from the same factual circumstances underlying OnSite's suit against Nissan for race discrimination,

---

[2] OnSite contends the Court may consider the consolidated actions, Case Nos. 3:22-cv-00513 and 3:22-cv-01010, in analyzing of the first and second Grand Trunk factors. (See Doc. No. 168 at 2 ("[A] declaratory ruling would not resolve this controversy, let alone the nearly one-dozen remaining claims.")). Nissan asserts the Court's analyses of these Grand Trunk factors must be limited to only the underlying action between OnSite and Nissan, Case No. 3:23-cv-01071. (See Doc. No. 170 at 4 ("If there is no related state court action pending, the focus becomes whether a declaratory judgment will resolve the dispute between the parties to the declaratory action claim.")). Neither party cites to relevant case law on whether this Court should consider the consolidated cases in its Grand Trunk analysis. Nor is the Court aware of any binding authority on point. While the Court agrees with OnSite that Nissan's declaratory judgment claim undoubtedly relates to all three consolidated cases, excluding Plaintiffs' claims against Nissan and OnSite does not change the outcome here. Accordingly, the Court will analyze the first and second Grand Trunk factors considering only the claims between OnSite and Nissan in the underlying action, Case No. 3:23-cv-01071.

5

retaliation, and breach of contract (Case No. 3:23-cv-01071, Doc. No. 1 ¶¶ 61–77; see Doc. No. 165 at 29–43). See Grand Trunk, 746 F.2d at 326 ("The instant action does not involve an independent dispute because it arises from and affects a pending Illinois lawsuit."). The same is true for Nissan's suit against OnSite, which includes a breach of contract claim premised on the exact same breach allegations as its declaratory judgment claim. (See Case No. 3:23-cv-01071, Doc. No. 10 ¶¶ 43–48). Should the Court grant Nissan the declaratory relief it seeks, it would impact the breach of contract, retaliation, and race discrimination disputes that would still remain between the parties. (See Doc. No. 165 at 29–47).

Further, if the Court declared OnSite contractually obligated to defend Nissan in Plaintiffs' suit, it would have to find as a matter of law that OnSite breached the PSA. (See Doc. No. 114 at 29). The Court has already declined to make this determination, which would improperly decide factual issues relating to the parties' breach of contract and race discrimination claims. (See Doc. No. 165). Because a declaratory judgment would not settle the controversy between Nissan and OnSite, and would usurp the role of the jury as to the remaining claims between the parties, the Court finds the first Grand Trunk factor counsels against exercising jurisdiction. See Western World Ins. Co. v. Hoey, 773 F.3d 755, 760 (6th Cir. 2014).

2. Clarification of the Legal Relations at Issue

In evaluating the second Grand Trunk factor, whether a declaratory judgment would clarify the legal relations at issue, courts consider whether "the declaratory judgment [would] provide a final resolution of the discrete dispute presented." Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 557 (6th Cir. 2008). This factor "is closely related to the first factor and is often considered in connection with it." Id. The parties again dispute whether this factor weighs in favor of jurisdiction. OnSite contends the Court would be giving advisory relief unnecessarily, rather than

clarifying the parties' legal relations, if it were to exercise its jurisdiction and issue a declaratory judgment because that judgment would implicate factual issues in dispute in other claims. (Doc. No. 168 at 3–4). Nissan contends a declaratory judgment in its favor would clarify the narrow legal relations at issue, the "obligation between the parties as to indemnification."[3] (Doc. No. 170 at 4).

The Court again agrees with OnSite. Despite Nissan's suggestion that its declaratory judgment claim is merely related to the PSA's indemnification provision, a declaratory ruling here would not "provide a final resolution of the discrete dispute presented" because the issues here are far from discrete. See Flowers, 513 F.3d at 557; see also supra, Section II.1. Rather, Nissan's declaratory judgment claim directly implicates OnSite's alleged breach of the PSA and its role in Plaintiffs' filing suit against Nissan, which relates to many of the parties' remaining claims (see Doc. No. 165). See supra, Section II.1. A declaratory judgment finding OnSite responsible for defending Nissan against Plaintiffs' claims may clarify OnSite's and Nissan's rights under Section 13 of the PSA. (See Doc. No. 143-1 at 17). However, the Court's premature determinations of fact on whether OnSite breached the PSA and is at fault for Plaintiffs filing suit against Nissan would inappropriately commandeer the jury's role on such issues and would cause confusion as to the status of the parties' remaining claims, see supra, Section II.1. See Grand Trunk, 746 F.2d at 326. Given that granting a declaratory judgment in Nissan's favor would muddy, rather than

---

[3] Nissan's suggestion that its declaratory judgment claim is related to indemnification is inconsistent with its prior briefing that the claim relates to OnSite's purported duty to defend. (See Doc. No. 114 at 29). The import of this distinction is significant, given the duty to indemnify is often a question for the trier of fact, St. Paul Fire and Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 834 (Tenn. 1994), while a duty to indemnify is determined by the facts as alleged in the underlying complaint. Travelers Indem. Co. of America v. Moore & Associates, Inc., 216 S.W.3d 302, 305 (Tenn. 2007). Because the Court declines to exercise its jurisdiction over Nissan's declaratory judgment claim, it need not resolve this discrepancy.

7

clarify, the legal relations between OnSite and Nissan, and considering the Court's determination that the first factor weighs against exercising jurisdiction, Flowers, 513 F.3d at 557, the Court finds the second Grand Trunk factor also weighs against exercising its jurisdiction over Nissan's claim. See Grand Trunk, 746 F.2d at 326.

       3. Procedural Fencing or Race for *Res Judicata*

On the third Grand Trunk factor, whether the plaintiff is seeking declaratory relief for "procedural fencing" or to win a race for *res judicata*, "[t]he question is. . . whether the declaratory [action] [w]as filed in an attempt to get [plaintiff's] choice of forum by filing first." AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004). Indeed, when plaintiffs file their declaratory judgment claim after state court litigation has begun, courts generally give them "the benefit of the doubt that no improper motive fueled the filing of [the declaratory judgment] action." Bituminous Cas. Corp. v. J&L Lumber Co., Inc., 373 F.3d 807, 814 (6th Cir. 2004). Nissan contends this factor is supportive or neutral in determining whether the Court exercise its jurisdiction over Nissan's claim, given there is no evidence it is procedurally fencing or racing for *res judicata* with a pending related state court action. (Doc. No. 170 at 4–5). OnSite does not dispute this, as it fails to address the third factor in its briefing. (See Doc. Nos. 122, 168).

The Court agrees with Nissan that the third Grand Trunk factor is neutral. See Travelers Indem. Co. v. Bowling Green Pro. Assocs., PLC, 495 F.3d 266, 272 (6th Cir. 2007) ("Although no improper motive prompted this action, this factor is neutral."). This case is different from AmSouth and Bituminous, in that there is no related state court action to consider here. Still, the Court finds the logic in those cases supports a finding here that Nissan is not attempting to procedurally fence or race with OnSite for *res judicata*. Nissan filed its declaratory judgment claim in federal court after OnSite brought suit against it in the same forum, suggesting Nissan did

8

not file its claim in an attempt to get a more favorable forum than the one OnSite chose (see Case No. 3:23-cv-01071, Doc. Nos. 1, 10). See AmSouth, 386 F.3d at 788 (procedural fencing evaluated by, in part, whether plaintiff filed first). And because there is no evidence indicating improper intent on Nissan's part in filing its declaratory judgment claim, the Court must give Nissan the benefit of the doubt. See Bituminous, 373 F.3d at 814; see also United Specialty Ins. Co. v. Cole's Place, Inc., 936 F.3d 386, 399 (6th Cir. 2019). Accordingly, the Court finds the third Grand Trunk factor is neutral. See Travelers Indem. Co., 495 F.3d at 272; see also United Specialty Ins. Co., 936 F.3d at 399 ("If there is no evidence of procedural fencing, we often find that the factor is "neutral[.]").

4. Increased Friction Between Federal and State Courts

The Sixth Circuit uses three factors to evaluate the fourth Grand Trunk factor, whether exercising jurisdiction would increase friction between state and federal courts. These factors include:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Bituminous, 373 F.3d at 814–15 (citing Flowers, 211 F.3d at 968). OnSite does not address this factor. (See Doc. No. 168). Nissan contends all three of the Bituminous factors show the fourth Grand Trunk factor weighs in favor of exercising jurisdiction. (Doc. No. 170 at 5–6).

The Court again agrees with Nissan. As to the first and second Bituminous factors, there are no underlying factual issues relating to Nissan's declaratory judgment claim that are also pending before a state court. See Bituminous, 373 F.3d at 815 (evaluating the first factor in the

9

context of underlying state court actions). Given there is no state action the Court would be interfering with by exercising its jurisdiction over Nissan's claim, these factors counsel towards exercising jurisdiction. As to the third factor, Nissan contends the legal issue presented in the declaratory judgment action is a straightforward contract interpretation issue, and does not implicate any undetermined questions of state law. (Doc. No. 170 at 6). While the Court is not convinced that Nissan's declaratory judgment action presents "straightforward" contract interpretation issues, see supra, Sections II.1 and 2, the Court agrees that its claim could be addressed by this Court without needing to address any novel areas of state law. Accordingly, the Court finds the fourth Grand Trunk factor weighs in favor of the Court exercising its jurisdiction over Nissan's claim. See Grand Trunk, 746 F.2d at 326.

       5. Availability of Alternative Remedy

As to the fifth Grand Trunk factor, courts may "deny declaratory relief if an alternative remedy is better or more effective." Id. OnSite argues this factor weights against the Court exercising jurisdiction, as Nissan's declaratory judgment claim is duplicative of a more effective and appropriate remedy, Nissan's breach of contract claim. (Doc. No. 168 at 4). Nissan, however, contends that "there is no alternative remedy that would be more effective than a decision from this Court on the questions and issues contained in Nissan's claim for declaratory judgment." (Doc. No. 170 at 6).

This factor is a close call. OnSite is largely correct that Nissan's declaratory judgment and breach of contract claims are essentially the same. For instance, both are rooted in the same allegation that OnSite breached the PSA by hiring Edmondson, Battle, and McGlory, despite their felony convictions. (Case No. 3:23-cv-01071, Doc. No. 10 ¶¶ 37–48; see Doc. No. 114 at 29). Both claims even seek relief relating to Nissan's defense against Plaintiffs' suit: Nissan's breach

10

of contract claim requests damages for defending itself against Plaintiffs' suit (Case No. 3:23-cv-01071, Doc. No. 10 ¶ 47 ("If OnSite had not breached the Agreement by having Edmondson, McGlory, and Battle perform services under the contract, then Nissan would not be in the position of having to defend claims against them."), ¶ C ("On Nissan's [breach of contract] counterclaim, award damages in favor of Nissan in an amount to be determined at trial, including its attorneys' fees and all expenses incurred in defending the [Plaintiffs'] Lawsuit"), and its declaratory judgment claim requests a declaration that OnSite has a duty to defend Nissan in Plaintiffs' suit. (See id. ¶ B ("On Nissan's [declaratory judgment] counterclaim, declare that OnSite has a duty to defend Nissan from the claims in the [Plaintiffs'] Lawsuit[.]"). However, Nissan's declaratory judgment claim, although very similar to its breach of contract claim, ultimately seeks a different form of relief, as the former seeks a declaration, and the latter seeks damages. (See id. ¶¶ B, C). The Court is therefore not convinced these claims are entirely duplicative of one another. See Dolencorp, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania, 2018 WL 3753157, at *2 (M.D. Tenn. Aug. 8, 2018) (declaratory relief that overlaps with breach of contract claim is not duplicative because it could affect future relations of parties); but see Malibu Media, LLC v. Redacted, 705 F. App'x 402, 407 (6th Cir. 2017) (upholding dismissal of claim for declaratory judgment that did not add something to a substantive dispute because it was already addressed by another claim).

Considering the similarity of Nissan's claims, the factual circumstances here, and that issuing a declaratory judgment here will not settle the parties' controversies or fully clarify their legal relations, the Court finds in its discretion that Nissan's breach of contract claim is a better and more effective remedy than its declaratory judgment claim. See Grand Trunk, 746 F.2d at 326. If Nissan succeeds on its breach of contract claim, it will be able to obtain damages from

OnSite that would compensate it for its defense of Plaintiffs' suit. (Case No. 3:23-cv-01071, Doc. No. 10 ¶ C). Missing from Nissan's briefing is any explanation as to why declaratory relief is necessary, considering the broad relief it seeks for its breach of contract claim. (See Doc. Nos. 114, 170). And although it may be faster for the Court to declare that OnSite breached the PSA by hiring Edmondson, Battle, and McGlory, and that led to Plaintiffs' suit against Nissan, it would not be a better or more effective remedy than allowing a jury to decide these disputed issues of material fact, see supra, Sections II.1 and 2. (See Doc. No. 165). Accordingly, the fifth Grand Trunk factor weighs against exercising jurisdiction.

Ultimately, the Court exercising its jurisdiction over Nissan's declaratory judgment claim would not "serve a useful purpose in clarifying and settling the legal relations [at] issue," nor would it "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." Grand Trunk, 746 F.2d at 326. Instead, exercising jurisdiction would cause confusion between the parties and would lead to chaos on the eve of trial. With this in mind, and weighing the Grand Trunk factors together, the Court refuses to exercise its jurisdiction over Nissan's declaratory judgment claim. See id.; see also U.S. Fire Ins. Co. v. Albex Aluminum, Inc., 161 F. App'x 562, 564 (6th Cir. 2006) ("[A] district court does not need to point to 'exceptional circumstances' in declining to exercise jurisdiction in a declaratory judgment suit.").

### III. CONCLUSION

For the foregoing reasons, Nissan's Motion for Summary Judgment on its declaratory judgment claim (Doc. No. 113) will be denied, and OnSite's Motion for Summary Judgment on Nissan's declaratory judgment claim (Doc. No. 121) will be granted. The parties' various motions relating to their summary judgment motions (Doc. No. 128; Case No. 3:23-cv-01071, Doc. Nos. 27, 28, 29, 31) will be denied as moot.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE