**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| WILLIE EDMONSON, ANTWAN McGLORY, JOVAN MULLINS, and THOMAS BATTLE, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:22-cv-00513 |
| v. | ) ) | District Judge Crenshaw |
| ONSITE SOUTH, LLC, | ) ) | Magistrate Judge Newbern |
| Defendant. | ) ) | |
| _____ | ) ) | |
| WILLIE EDMONSON, ANTWAN McGLORY, JOVAN MULLINS, and THOMAS BATTLE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NISSAN NORTH AMERICA, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| ONSITE FLEET, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| NISSAN NORTH AMERICA, INC., | ) ) | |
| Defendant. | ) ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

OnSite Fleet, LLC ("OnSite") and Nissan North America, Inc. ("Nissan") submits the

following proposed joint jury instructions pursuant to the Court's instruction.

## JOINT PROPOSED JURY INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the parties' contentions.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Authority**: Sixth Circuit Pattern Jury Instructions § 1.01[1].

---

[1] Revised to reflect civil litigation.

## JOINT PROPOSED JURY INSTRUCTION NO. 2

### Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the substantive elements of the parties' claims.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.09.

## JOINT PROPOSED JURY INSTRUCTION NO. 3

### After Voir Dire and Before Trial

Before the trial begins, I am going to give you some instructions to help you understand how the case will proceed, what your duties will be, and how you should conduct yourselves during the trial.

As the trial judge, it is my responsibility to advise you what law is applicable to this case. You must accept and apply the law as given. As jurors, you serve as the sole judges of the facts and will be applying the facts to the law. Thus, you must determine which of the witnesses' testimony you accept, what weight you attach to it, and what inferences you will draw from it. The law does not, however, require you to accept all the evidence. In deciding what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and determine the weight you will give to that testimony. You must decide which witnesses you believe and how important you think their testimony is. You are not required to accept or reject everything a witness says. You are free to believe all, none, or part of any person's testimony.

Before you begin to hear and see evidence, however, the attorneys will make their opening statements. These statements will be brief outlines of what the attorneys expect the evidence to be. The attorneys are also permitted to make additional statements at the end of the case; these are called "closing statements." Unless you are otherwise instructed, statements made by the attorneys are not evidence. Those statements are made only to help you understand the evidence and apply the law to the evidence in the case. You should ignore any statement by any attorney that is not supported by the evidence you will hear and see during the trial.

During the trial, objections may be made to evidence or trial procedures. I may sustain objections to questions asked without permitting a witness to answer, or I may instruct you to

disregard an answer that has been given. In deciding this case, you may not draw any inference from an unanswered question, and you may not consider testimony that you are instructed to disregard.

Any arguments about objections or motions are usually required to be made by the attorneys out of the hearing of the jury. Information may be excluded because it is not legally admissible. Excluded information cannot be considered in reaching your decision. A ruling that is made on an objection or motion will be based solely upon the law. You must not infer from a ruling that I hold any view or opinion for or against any party in this lawsuit.

After opening statements, I will give you additional information to aid you in evaluating the evidence you see and hear during the trial.

There are several rules concerning your conduct during the trial and during recesses that you should keep in mind.

First, do not conduct your own private investigation into this case, although you may be tempted to do so. For example, do not visit the scene of an incident, read any textbooks or articles concerning any issue in this case, or consult any other source of information, including those on Google or elsewhere on the internet. If you were to do that, you would be getting information that is not evidence. You must decide this case only on the evidence and law presented to you during the trial. Any juror who receives any information about this case other than that presented at trial must notify the court immediately.

Second, do not discuss the case either among yourselves or with anyone else during the trial. You must keep an open mind until you have heard all the evidence, the attorneys' closing arguments and my final instructions concerning the law. Any discussions before the conclusion of the case would be premature and improper.

Third, do not permit any other person to discuss the case in your presence. If anyone does attempt to do so, report this fact to the Court immediately without discussing the incident with any of the other jurors.

Fourth, do not speak to any of the attorneys, parties or witnesses in this case, even for the limited purpose of saying good morning. They are also instructed not to talk to you. In no other way can all the parties feel assured of your absolute impartiality.

Fifth, you must not use electronic devices to communicate with or provide any information, photographs or video to anyone by any means about this case. You must not use any electronic device or media, any text or instant messaging service; or any chat room, blog, or website to communicate with anyone or to conduct any research about this case. These devices may be used during breaks or recesses for personal reasons but must not be used at any time during the trial to receive or send information about any issues related to this trial.

Does everyone understand and agree to be bound by these rules that I have just given to you? If so, please indicate your understanding and agreement by raising your right hand at this time. I will also have a copy of these rules available for you in the jury room.

**Authority:** T.P.I. – Civil § 1.01 (2024) (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 4

### After Opening Statements and Before the Presentation of Evidence

You have now heard the opening statements from the lawyers. We now begin with the presentation of evidence in this case.

The evidence generally consists of the numbered exhibits and the testimony of witnesses. OnSite will present evidence first. Nissan then will be given the opportunity to present evidence. OnSite will be permitted to present all its evidence before Nissan presents any evidence. Exceptions are sometimes made, however, usually to accommodate a witness.

The witnesses will testify in response to questions from the attorneys. Witnesses are first asked questions by the party who calls the witness to testify and then others are permitted to cross-examine the witnesses. Although evidence is presented by asking questions, the questions themselves are not evidence. An insinuation contained in a question is not evidence. You should consider a question only as it gives meaning to a witness's answer.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of a witness about what the witness personally observed.

Circumstantial evidence is indirect evidence that gives you clues about what happened. Circumstantial evidence is proof of a fact, or a group of facts, that causes you to conclude that another fact exists. It is for you to decide whether a fact has been proved by circumstantial evidence. If you base your decision upon circumstantial evidence, you must be convinced that the conclusion you reach is more probable than any other explanation. For example, if a witness testified that the witness saw it raining outside, that would be direct evidence that it was raining. If a witness testified that the witness saw someone enter a room wearing a raincoat covered with

drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. In making your decision, you must consider all the evidence in light of reason, experience and common sense. Although you must consider all the evidence, you are not required to accept all of the evidence as true or accurate.

You should not decide an issue by the simple process of counting the number of witnesses who have testified on each side. You must consider all the evidence in the case. You may decide that the testimony of fewer witnesses on one side is more convincing than the testimony of more witnesses on the other side.

You are the sole and exclusive judges of the credibility or believability of the witnesses who have testified in this case. You must decide which witnesses you believe and how important you think their testimony is. You are not required to accept or reject everything a witness says. You are free to believe all, none, or part of any person's testimony.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience. There is no fixed set of rules to use in deciding whether you believe a witness. During the trial, objections may be made to evidence or trial procedures. I may sustain objections to questions asked without permitting a witness to answer, or I may instruct you to disregard an answer that has been given. In deciding this case, you may not draw any inference from an unanswered question, and you may not consider testimony that you are instructed to disregard.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed. You must consider all the evidence on each issue.

I will give you further instructions on the law after you have heard and seen all of the evidence.

**Authority:** T.P.I. – Civil § 1.03 (2024) (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 5

### Use of Juror Notes

You are permitted to take notes during the trial. You may take notes only of verbal testimony from witnesses, including witnesses presented by deposition or videotape. You may not take notes during the opening statements or closing arguments or take notes of objections made to the evidence. You may not take notes during breaks or recesses. Notes may be made only in open court while witnesses are testifying.

Your notes should not contain personal reactions or comments, but rather should be limited to a brief, factual summary of testimony you think is important. Please do not let your note-taking distract you and cause you to miss what the witness said or how the witness said it. Remember that some testimony may not appear to be important to you at the time. That same testimony, however, may become important later in the trial.

Your notes are not evidence. You should not view your notes as authoritative records or consider them as a transcript of the testimony. Your notes may be incomplete or contain errors and are not an exact account of what was said by a witness.

**Authority:** T.P.I. – Civil § 1.04 (2024) (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party, or anything to gain or lose from the case, that might influence the witness's testimony.[2] Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is

inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.07.[3]

---

[3] Revised from pattern instruction for civil litigation.

## JOINT PROPOSED JURY INSTRUCTION NO. 7

### Discrepancies In Testimony

Inconsistencies, discrepancies, and contradictions in a witness's testimony or between the testimonies of one witness and another do not necessarily mean that a witness is lying.

Two honest people can witness the same event and see or hear things differently.

Additionally, an innocent misrecollection, or failure to recall is not uncommon. You may assess, however, the truthfulness of a witness's testimony that he or she does not recall an event, fact, or other matter. When you weigh the effect of a discrepancy, consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If there are apparent discrepancies in the evidence, you may be able to reconcile them, or you may have to decide which of two or more conflicting versions of the facts you will accept.

Further, you need not believe the testimony of a witness even though counsel has not presented any contrary evidence. You need not accept testimony as true simply because a number of witnesses agree with each other. You may decide that even the unanimous testimony of witnesses is erroneous. But you should act reasonably in deciding whether to reject uncontradicted testimony.

**Authority**: Judge Evelyn Furse, District of Utah, Stock Jury Instructions Civil Cases.

## JOINT PROPOSED JURY INSTRUCTION NO. 8

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.04.

## JOINT PROPOSED JURY INSTRUCTION NO. 9

### Direct And Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Authority**: Sixth Circuit Pattern Jury Instructions § 1.06.

## JOINT PROPOSED JURY INSTRUCTION NO. 10

### Stipulations of Fact

A stipulation is an agreement. The parties have stipulated that certain matters of fact are true. They are bound by this agreement, and in your consideration of the evidence you are to treat these facts as proven. The parties have stipulated as true the following facts:

1. The Professional Services Agreement Nissan and OnSite entered is an enforceable contract.

2. Willie Edmondson, Jovan Mullins, Antwan McGlory, and Thomas Battle were all OnSite employees who were assigned to work at Nissan

**Authority:** T.P.I. – Civil § 2.09 (2024) (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 11

**Deposition Testimony**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Authority:** 4-74 Modern Federal Jury Instructions – Civil, ¶ 74.07 (2024).

## JOINT PROPOSED JURY INSTRUCTION NO. 12

### Corporations Not to be Prejudiced

Both parties are corporations. The fact that a corporation is a party must not influence you in your deliberations or in your verdict. Corporations and persons are equal in the eyes of the law. Both are entitled to the same fair and impartial treatment and to justice by the same legal standards.

**Authority:** T.P.I. – Civil § 1.05 (2024) (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 13

### Stray Remarks

You may hear testimony that Mike Brown made racially discriminatory statements to one or more of the four OnSite employees. Brown and Nissan deny that any such statements were made.

If you find that Brown made the alleged statements, to determine whether the statements can be used to infer that Brown harbors racial animus, and that such animus influenced his decision to agree to terminate facility access for four OnSite employees to Nissan property, you should consider: (1) whether the remarks were isolated or part of a pattern of biased comments; (2) whether the remarks were made close in time to the challenged decision; and (3) whether the remarks were ambiguous or clearly reflective of discriminatory bias.

If the statements were isolated, not close in time to the challenged decision, and ambiguous in intent, then the statements are "stray remarks," and you should not conclude that Brown possessed racial animus based on the statements or that the statements played a role in his decision to agree to terminate facility access for the four OnSite employees from Nissan property.

**Authority:** *See Worthy v. Mich. Bell. Tel. Co.*, 472 F. App'x 342, 347 (6th Cir. 2012) (citations omitted).

## JOINT PROPOSED JURY INSTRUCTION NO. 14

### Breach of Contract Claims: Definitions

OnSite asserts a claim against Nissan for breach of the contract, known as the PSA. Nissan asserts a counterclaim for breach of contract against OnSite regarding thePSA. I will now explain the law you should apply to this claim.

A contract is an agreement or exchange of promises between two or more persons to do or not to do certain things. The agreement or exchange of promises can be oral or in writing and must be supported by something of value. The requirements for a valid contract are an offer, an acceptance, consideration, competent parties, and legal purpose. You should apply this definition to OnSite's breach of contract claim and Nissan's counterclaim for breach of contract.

OnSite and Nissan agree that the PSA, as amended, is a valid contract and the PSA and the First Amendment to the PSA are the only contract governing the parties' performance on the project. You must determine whether Nissan breached the contract or whether OnSite breached the contract. If a party does not perform according to the contract terms, the party has committed a breach of the contract. The breach of contract must be a material breach. A minor and insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it.

**Authority:** T.P.I. – Civil § 13.01 (2023) (modified); T.P.I. – Civil § 13.10 (2023) (modified); *Madden Phillips Constr. v. GGAT Dev. Corp.,* 315 S.W.3d 800, 812 (Tenn. Ct. App. 2009) (citing *United Brake Sys., Inc. v. Am. Envtl. Prot., Inc*., 963 S.W.2d 749, 756 (Tenn. Ct. App. 1997)).

## JOINT PROPOSED JURY INSTRUCTION NO. 15

### Effect Of Damages Instruction

I am now going to instruct you on damages. Just because I am instructing you on how to award damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event that you should find for either party by a preponderance of the evidence.

**Authority:** 3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions - Civil, § 106.02 (5th ed. 2000).

Respectfully submitted,

*/s/Leslie Goff Sanders*
Leslie Goff Sanders (TN #018973)
Daniel Crowell (TN #031485)
Stephen C. Stovall (TN #037002)
Molli A. Guinn (TN #041258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant Onsite*


*/s/ Charles K. Grant*
Charles K. Grant (TN #017081)
Brigid M. Carpenter (TN #018134)
Denmark J. Grant (TN #036808)
Nelson H. Suarez (TN #035346)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600
cgrant@bakerdonelson.com
bcarpenter@bakerdonelson.com
dgrant@bakerdonelson.com
nsuarez@bakerdonelson.com

Reba A. Letsa, AIS No. 1912180013
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street, 19th Floor
Baltimore, MD 21202
Telephone: (410)862-1181
rletsa@bakerdonelson.com

*Attorneys for Nissan North America, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 30, 2024, I filed the above document via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Brian C. Winfrey
brian@thewinfreyfirm.com

*Attorney for Plaintiffs*

Charles K. Grant
Brigid M. Carpenter
Denmark J. Grant
Nelson H. Suarez
Reba A. Letsa
cgrant@bakerdonelson.com
bcarpenter@bakerdonelson.com
dgrant@bakerdonelson.com
nsuarez@bakerdonelson.com
rletsa@bakerdonelson.com

*Attorneys for Defendant Nissan North America, Inc.*

<div align="center" style="margin-left:40%">

*/s/Leslie Goff Sanders*
Leslie Goff Sanders (TN #018973)
*Attorney for Defendant Onsite*

</div>